UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-102-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TONY R. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 32 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Tony R. Johnson's guilty plea and adjudge him guilty of Counts One and Two of the Indictment (DE 1). *See* DE 33 (Recommendation); *see also* DE 34 (Amended Plea Agreement). Judge Ingram expressly informed Johnson of his right to object to the recommendation and secure de novo review from the undersigned. *See* DE 33 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 33, **ACCEPTS** Johnson's guilty plea, and **ADJUDGES** Johnson guilty of Counts One and Two of the Indictment.

2. Further, per Judge Ingram's recommendation (DE 33 at 2), Defendant's amended plea agreement (DE 34 ¶ 11), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Indictment's Forfeiture Allegations, DE 1 at 2 (firearms and associated ammunition and accessories), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]

This the 7th day of August, 2026.



Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] At the hearing, Judge Ingram released Johnson on the conditions previously imposed. *See* DE 32; DE 10 (Order Setting Conditions of Release). This was Johnson's status pretrial. *See* DE 10; DE 11; DE 27; DE 31. The Court finds this is not a mandatory detention case under 18 U.S.C. § 3143(a)(2). Thus, absent an intervening order, Johnson will remain on release pending sentencing under the conditions set forth in DE 10.